**Dismissed and Memorandum Opinion filed June 16, 2015.**



In The

# Fourteenth Court of Appeals

---

NO. 14-15-00126-CR
NO. 14-15-00127-CR
NO. 14-15-00128-CR
NO. 14-15-00129-CR

---

**JOSEPH HOENINGHAUS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 1405266, 1405276, 1428986 and 1428987**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to (1) burglary of a habitation with the intent to commit theft; (2) possession of methamphetamine; (3) burglary of a habitation with the intent to commit theft; and (4) unauthorized use of a vehicle.  In each case, in accordance with the terms of a plea bargain agreement with the State, the

trial court sentenced appellant on May 22, 2014, to confinement for nine years in the Institutional Division of the Texas Department of Criminal Justice. The sentences were ordered to run concurrently. Appellant filed a pro se notice of appeal in each case. We dismissed the appeals. *See Hoeninghaus v. State,* 14-14-00543-CR, 2014 WL 3843837 (Tex. App.—Houston [14th Dist.] Aug. 5, 2014, no pet.) (mem. op.) (not designated for publication).

On February 2, 2015, appellant filed another notice of appeal in each of the same trial court cause numbers. The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Tex. Code Crim. P. art. 11.07. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 214 (Tex. Crim. App. 1991). A post-conviction writ must be filed with the Court of Criminal Appeals, not this court.

According, these appeals are dismissed for want of jurisdiction.


PER CURIAM


Panel consists of Justices Boyce, McCally and Donovan.

Do Not Publish – Tex. R. App. P. 47.2(b).